JOHN-LOUIS H. DELL, ESQ. (SBN 344873)
Email: John@Louisdell.com
LOUIS P. DELL, ESQ. (SBN 164830)
Email: Ldell@Louisdell.com
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818)478-2822

Attorney for Plaintiff,
RIKKI SWEET

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| RIKKI SWEET, | CASE NO. |
|---|---|
| Plaintiff, | |
| | COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL |
| vs. | |
| | |
| ASSET CAPITAL RECOVERY GROUP, LLC., LAW OFFICES OF KENOSIAN & MIELE, LLP, JOHN P. KENOSIAN, and DOES 1-10, | |
| Defendants. | |

Plaintiff, RIKKI SWEET, by his attorney, states as follows:

- 1 –

# INTRODUCTION

1. This is an action for damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq*.] and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") [Cal. Civ. Code § 1788, *et seq*.] each of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." (15 U.S.C. 1692(e)) Non-compliance will subject the debt collector to civil liability. 15 U.S.C. § 1692k.

3. The California Rosenthal Act was enacted in 1976 to ensure the integrity of our banking and credit industry. (Cal. Civ. Code § 1788.1(a)(i).) The Legislature found that unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Non-compliance will subject the debt collector to civil liability. (Cal. Civ. Code § 1788.30)

4. These Acts are manifestly remedial measures, intended for the protection of the consumer and they should be given a construction calculated to bring its benefits into action.

# JURISDICTION

5. This court has jurisdiction under the provisions of FDCPA, 15 U.S.C. § 1692k(d), and supplemental jurisdiction over any state law claims asserted herein.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# PARTIES

6. Plaintiff RIKKI SWEET is a natural person, and resides in the State of California, County of San Bernardino.

7. Defendant, ASSET CAPITAL RECOVERY GROUP, LLC, ("ACRG") is a debt collection Limited Liability Company, licensed and headquartered in in California.

8. Defendant ACRG collects consumer debt and credit transactions.

9. Defendant, LAW OFFICES OF KENOSIAN & MIELE, LLP, aka KENOSIAN & MIELE, LLP is a debt collection law firm. The headquarters of this defendant is 8581 Santa Monica Blvd # 17, West Hollywood, CA 90069-4120.

10. Defendant JOHN PAUL KENOSIAN is a debt collection attorney, licensed by the State of California. At all times relevant this defendant was employed with defendant Kenosian & Miele, LLP and collects debts on its behalf.

11. Defendants Kenosian & Miele, LLP and John Paul Kenosian are collectively referred to as "the Kenosian & Miele defendants."

12. The Kenosian defendants are each debt collectors under the FDCPA and Rosenthal Acts. They have filed numerous consumer collection lawsuits and have a signification reputation in the community as debt collectors.

13. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 - 10, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner to plaintiff as hereinafter alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

14. Each of the defendants are persons who use instrumentalities of interstate commerce or the mails for the principal purpose of collecting debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. This also includes taking or threatening to take any nonjudicial action to effect dispossession or disablement of property. These persons are debt collectors under FDCPA. (15 U.S.C. § 1692a(6)) & § 1692f(6)).

15. Each of the defendants, in the ordinary course of business, regularly, on behalf of himself or herself or others, engage in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection. These defendants are debt collectors under the Rosenthal Act (Cal. Civ. Code § 1788.2(c).

16. These defendants were attempting to collect a "consumer debt" including money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction as defined under the Rosenthal Act (Cal. Civ. Code § 1788.2(f)).

17. These consumer debts arose out of a "consumer credit transaction" as a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." (Cal. Civ. Code § 1788.2(f))

18. Plaintiff is informed and believes and thereupon allege that each defendant is an agent or principal of each other defendant, that all acts were done at the instance and/or behest of each other defendant, and that all acts complained of were ratified by each other defendant.

19. For the purpose of this lawsuit, unless otherwise indicated, "defendant" includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendant(s) named in this caption.

20.     Plaintiff makes these allegations on information and belief, except for those allegations that pertain to a plaintiff, or to the plaintiff's counsel, which the plaintiff alleges on personal knowledge.

## FACTUAL ALLEGATIONS

21.     As described herein, each of the defendants engaged in collection of an allegedly delinquent debt and high interest credit transaction described as Loanme, Inc. Loan No. 454 involving a loan of $2,525 with an annual interest rate of 182.73%.

22.     The plaintiff was not the borrower to this credit transaction and did not incur the debt.

23.     When the debt allegedly remained unpaid, on September 11, 2020, defendants filed a collections lawsuit styled *Asset Capital Recovery Group, LLC, v. Rikki Sweet*, Los Angeles Superior Court Case No. 20NWLC21796.

24.     On September 20, 2020, the defendants served the summons and complaint by substitute service on a "John Doe" at 238 East 31st Street, Long Beach, CA 90807.

25.     The plaintiff has never used the East 31st Street address, never resided there, never used it as a mailing address, never been there and does not know anyone at that address.

26.     In October 2020, the plaintiff was in the process of purchasing a vehicle when he was made aware of a low credit score. He ordered his credit report and saw numerous accounts opened in his name which did not belong to him, including the Loanme, Inc. account.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

27. In March 2021, the plaintiff filed an identity theft report which identifies the numerous bogus accounts, including the Loanme, Inc. account, as not his.

28. This identity theft report was sent to the creditors on all of these accounts, including the Loanme, Inc. account.

29. A default judgment was entered nearly one year later on September 7, 2021, in the amount of $3,669.61.

30. The Kenosian & Miele defendants were and remain the attorneys of record in the collection lawsuit.

31. Having never been served with the collections lawsuit and having sent the identity theft report to all of the creditors on the bogus accounts, the plaintiff reasonably believed there was nothing else to be done.

32. Much to the plaintiff's surprise, in or around June 2023, and continuing thereafter, the defendants caused a levy to be served on the plaintiff's bank account and an earnings withholding order served on the plaintiff's employer so that his wages were and continue to be garnished.

33. In June 2023, the plaintiff promptly attempted to halt the levy and garnishment process. Initially, he submitted an answer to the court; however, this proved ineffective as the judgment had already been rendered.

34. To the extent any claim herein has already accrued as to a statute of limitations, equitable tolling applies to suspend the running of the limitations period in order to prevent unfairness to the plaintiff.

35. The defendants engaged in extrinsic fraud by using "sewer service" to avoid serving the plaintiff with legal documents. They filed a false affidavit claiming substitute service on a bogus address, involving a bogus account, leading to a default judgment when the plaintiff did not appear in court.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

36. The defendants were dilatory in their actions, waiting a year after sewer service to file a default judgment, and then delaying another two years before attempting the levy and garnishment.

37. These things deprived the plaintiff of discovering within the limitations period that a lawsuit had been filed against him over the bogus account.

38. The plaintiff had no duty to discover the existence of the collections lawsuit or take any action until properly served.

39. The debt sought to be collected was subject to the FDCPA and the California Rosenthal Act.

**FDCPA Violations**

40. The foregoing acts and omissions constitute violations of the FDCPA, 15 U.S.C. § 1692 et seq. including but not limited to:
   a. Violations of § 1692e by using false, deceptive or misleading representations or means in connection with the collection of a debt.
   b. Violations of § 1692e(2) falsely representing the character, amount, or legal status of any debt.
   c. Violations of § 1692e(5) by threatening to take any action that cannot legally be taken or is not intended to be taken.
   d. Violations of § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
   e. Violations of § 1692f by the use of any unfair or unconscionable means to collect or attempt to collect any debt.
   f. Violations of § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse, any person

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

in connection with collection of a debt. Each of the defendants' actions taken as a whole, as described in this lawsuit, was harassing, oppressive, and abusive.

41. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1061 (9th Cir. 2011)

**Cal. Rosenthal Violations**

42. Violations of the FDCPA also constitute violations of the Cal. Rosenthal Act.

**Damages**

43. As a direct and proximate result of all acts, omissions, and consequences thereof, each Plaintiff is entitled to actual and statutory damages.

44. The Plaintiff has suffered concrete and actual damages including pecuniary loss, risk or actual damage to credit rating as the account was reported on his credit reports, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms he/she would have been able to obtain had the defendants not so acted. The Plaintiff has abstained from applying for credit, and/or had adverse action taken on existing bank accounts and/or was denied credit. The plaintiff fears more wage garnishments and levies on bank accounts and other property for money not owed. The plaintiff suffered emotional distress, including but not limited to anxiety, embarrassment, humiliation, shame, depression, feelings of

powerlessness, anguish, irritability, inability to concentrate, loss of sleep, nightmares, daily worry, headaches, and malaise.

## FIRST CAUSE OF ACTION
## (Violation of the FDCPA)

45. Paragraphs 1-44 of this complaint are alleged in this cause of action.

46. This cause of action is asserted against Defendants Law Offices of Kenosian & Miele, LLP, John P. Kenosian, and DOES 1-10.

47. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to each and every one of the above-cited of the FDCPA, 15 U.S.C. § 1692 et seq.

48. The violations are among the defendants' practices towards numerous consumers, such as Plaintiff, for which the defendants are motivated by enhanced collection revenues.

49. Each defendant named in this claim is liable for damages, attorney fees, and costs to each plaintiff for every FDCPA violation described in this complaint under 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
## (Violation of the California Rosenthal Act)

50. Paragraphs 1-45 of this complaint are alleged in this cause of action.

51. This cause of action is asserted against each of the named defendants and DOES 1-10.

52. The foregoing acts and omissions constitute violations of the California Rosenthal Act, Cal. Civ. Code § 1788 et seq.

53. The violations are among the defendants' practices towards numerous consumers, such as Plaintiff, for which the defendants are motivated by enhanced collection revenues.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

54. Each defendant named in this claim is liable for damages, attorney fees, and costs to each plaintiff for every violation described in this complaint under Cal. Civ. Code § 1788.30.

**PRAYER FOR RELIEF**

WHEREFORE, each of the plaintiffs pray for judgment against each of the defendants as follows:

AS TO THE FIRST CAUSE OF ACTION against Defendants Law Offices of Kenosian & Miele, LLP, John P. Kenosian and DOES 1-10:
1. Actual damages according to proof;
2. Statutory damages of no less than $1,000 for each violation;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

AS TO THE SECOND CAUSE OF ACTION against each of the named defendants and DOES 1-10:
1. Actual damages according to proof;
2. Statutory damages of no less than $1,000 for each violation;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Dated: February 2, 2024                    Law Office of Louis P. Dell

                                                                          /s/ Louis P. Dell
                                                                        Attorney for Plaintiff,
                                                                        RIKKI SWEET